1
2
3
4
5
6
7
8        UNITED STATES DISTRICT COURT
9       SOUTHERN DISTRICT OF CALIFORNIA
10

11  GARFIELD BEACH CVS LLC,              Case No.:  17-cv-0879-AJB-MDD

12                          Plaintiff,
                                         **ORDER GRANTING IN PART AND**
13  v.                                   **DENYING IN PART PLAINTIFFS'**
                                         **MOTION TO EXPEDITE**
14  MOLLISON PHARMACY and                **DISCOVERY AND FOR A**
    SAMERA YOKOUB,                       **PRESERVATION ORDER**
15
                            Defendants.
16                                       **[ECF NO. 3]**

17

18        In April 2017, CVS purchased El Cajon Express Pharmacy.  (ECF No. 1

19  ¶ 3).  Defendant Yokoub was a delivery driver for Express.  (*Id.* ¶ 15).  This

20  case stems from allegations by CVS that Yokoub misappropriated customer

21  lists, derived from her delivery logs, that Defendant Mollison Pharmacy has

22  used to lure customers from CVS.[1]  (*Id.* ¶¶ 37, 38, 40).

23        On March 2, 2017, Plaintiff filed the instant motion seeking a

24  temporary restraining order, a preservation order, and an order authorizing

25

26  _____

27  [1] Plaintiff, in its Complaint, also sued Palm Care Pharmacy but voluntarily dismissed
    Palm Care Pharmacy on May 10, 2017.  (ECF No. 14).

expedited discovery. (ECF No. 3). The motions for a preservation order and for expedited discovery were referred to this Court by the district judge. Defendants responded in opposition on May 15, 2017. (ECF No. 17). Plaintiff replied on May 17, 2017. (ECF No. 18).

As provided herein, Plaintiff's motion for a preservation order is **GRANTED.** Plaintiff's motion for expedited discovery is **DENIED.**

<u>DISCUSSION</u>

A. <u>Motion for Preservation Order</u>

In considering a motion for an order preserving evidence, the court is to consider:

1) The level of concern the court has for the continuing existence and maintenance of the integrity of the evidence in question in the absence of an order directing preservation of the evidence;

2) Any irreparable harm likely to result to the party seeking the preservation of the evidence absent an order directing preservation; and

3) The capability of an individual, entity, or party to maintain the evidence sought to be preserved.

*Jardin v. Datallegro, Inc., et al,* No. 08-cv-1462, 2008 WL 4104473 *1 (September 3, 2008, S.D. Cal.) (citations omitted).

Although asserting that the facts in support of the motion presented by Plaintiff are not accurate, Defendants state that they "do not generally object" to the Court issuing a preservation order. (ECF No. 17 at 2). Although it is not quite clear what the lack of general objection means, the Court takes it that Defendants do not oppose. It is not for the Court to second guess that decision. Accordingly, Plaintiff's motion for a preservation order is **GRANTED** as requested by Plaintiff. (*See* ECF No. 3-1 at 18-19[2]).

---

[2] The Court will refer to ECF-generated pagination instead of original pagination herein.

B. <u>Motion for Expedited Discovery</u>

Federal Rule of Civil Procedure 26(d) states:

>   A party may not seek discovery from any source before the parties
> have conferred as required by Rule 26(f), except in a proceeding
> exempted from initial disclosure under Rule 26(a)(1)(B), or when
> authorized by these rules, by stipulation, or by court order.

In the instant case, Plaintiff may only obtain early discovery by court order. In this Circuit, courts must find "good cause" to determine whether to permit discovery prior to the Rule 26(f) conference. Good cause exists where the need for expedited discovery, in consideration of the administration of justice, outweighs the prejudice to the responding party. *See, e.g.*, *Arista Records, LLC v. Does 1–43,* 2007 WL 4538697 *1 (S.D. Cal. 2007).

Plaintiff asserts that expedited discovery is necessary to determine the extent to which Defendants have disclosed CVS' trade secrets and confidential information. (ECF No. 3-1 at 19). In support, Plaintiff claims that a number of customers have moved their business from Express to Mollison following the purchase and claims that this is likely a consequence of Defendant Yokoub taking the delivery log and Defendant Mollison Pharmacy using it to contact and divert customers. Defendants, on the other hand, assert that the delivery log, which was returned on April 13, 2017, to Plaintiff, does not contain the customers printed name, address or telephone number and was not used or copied by Defendants. *Declaration of Samera Yokoub* ¶¶ 9, 10 (ECF No. 15-9).

The Court finds that good cause is lacking for expedited discovery. The Court finds that Plaintiff has failed to demonstrate that the need for expedited discovery outweighs the prejudice to Defendants in having to respond to discovery at this stage of the case. The motion for expedited

discovery is **DENIED.**

The Court declines to enter a protective order as suggested by Plaintiff at this time. The Court encourages the parties, at the appropriate time, to meet and confer for the purpose of presenting a stipulated protective order. In the event of a dispute over the terms, the Court will entertain a joint motion to resolve any issues.

CONCLUSION

For the foregoing reasons, Plaintiffs' Motion for a Preservation Order is **GRANTED.** Plaintiff's Motion for Expedited Discovery is **DENIED.**

Defendants are **ORDERED** to:

(1) Preserve all copies of CVS' confidential and proprietary business information, including but not limited to, Delivery Logs, list, or records and all copies;

(2) Preserve any communication(s) related to the use of CVS' confidential and proprietary business information; and

(3) Preserve any communications related to Mollison and/or Palm communicating with Yokoub about hiring her or paying her for any of CVS' confidential, trade secret or proprietary information, including the Delivery Logs.

**IT IS SO ORDERED:**

Dated: May 24, 2017

Hon. Mitchell D. Dembin
United States Magistrate Judge

17-cv-0879-AJB-MDD