UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GARFIELD BEACH CVS LLC,<br><br>　　　　　　　　　　Plaintiff,<br><br>v.<br><br>MOLLISON PHARMACY, SAMERA YOKOUB, an individual, and DOES 1 through 50,<br><br>　　　　　　　　　　Defendants. | Case No.: 17-cv-00879-AJB-MDD<br><br>**ORDER DENYING DEFENDANTS' MOTION TO DISMISS FOR LACK OF JURISDICTION**<br><br>(Doc. No. 26) |

Pending before the Court is Defendants Mollison Pharmacy and Samera Yokoub's (collectively referred to as "Defendants") motion to dismiss for lack of jurisdiction. (Doc. No. 26.) On July 14, 2017, Plaintiff Garfield Beach CVS LLC ("Plaintiff") filed an opposition. (Doc. No. 32.) Pursuant to Civil Local Rule 7.1.d.1, the Court finds the motion suitable for determination on the papers. Accordingly, the motion hearing set for August 24, 2017, is **VACATED**. As explained more fully below, having considered both parties' arguments and the applicable law, the Court **DENIES** Defendants' motion to dismiss.

## **BACKGROUND**

The contours of this case are straightforward. Plaintiff, a subsidiary of CVS Health, alleges that confidential inventory and trade secret files were kept by Defendant Samera

Yokoub ("Yokoub") a former El Cajon Express Pharmacy ("Express") employee.[1] (Doc. No. 1 ¶¶ 2, 6, 21.) Plaintiff contends that Yokoub was an Express driver that was entrusted with confidential and proprietary information including the delivery log. (*Id.* ¶ 21.) After Plaintiff purchased Express, Yokoub told Plaintiff that she had to quit as she had to care for her sick husband. (*Id.* ¶ 25.) Instead, Plaintiff alleges that Yokoub began working for Defendant Mollison Pharmacy ("Mollison"), Plaintiff's competitor. (*Id.*) Plaintiff maintains that it demanded that Yokoub return the delivery logs from March through April before she left her position with Express, however, Plaintiff asserts that Yokoub has failed to do so. (*Id.* ¶ 26.)

The allegedly confidential information at issue in the instant action are prescription files that Plaintiff purchased, which includes hard copy prescriptions, signature logs, customer lists, as well as similar electronic data that Express maintained in confidence. (*Id.* ¶ 16.) One of the subsets of the prescription files was known as a delivery log and it included customers' names, their prescription numbers, customers' signatures confirming receipt of the delivery, and co-pay information for each prescription. (*Id.* ¶ 20.) All of the prescription files are not readily available public information. (*Id.* ¶ 18.)

Plaintiff instituted this action on May 1, 2017, alleging violations of the (1) Defend Trade Secrets Act ("DTSA"); (2) California Uniform Trade Secrets Act; (3) Breach of Contract; (4) Unfair Competition; (5) Conversion; and (6) Tortious Interference with Business Relationship/Contact. (*See generally* Doc. No. 1.) On May 2, 2017, Plaintiff filed an ex parte motion for a temporary restraining order, (Doc. No. 3), which was denied on June 9, 2017, (Doc. No. 24). Shortly thereafter, Defendants filed the present action, their motion to dismiss for lack of jurisdiction. (Doc. No. 26.) On June 28, 2017, both parties filed a joint motion to continue the briefing schedule for Defendants' motion, (Doc. No.

---

[1] On April 11, 2017, Plaintiff closed a transaction and purchased the confidential inventory, trade secret prescription files, and goodwill of Double Star Pharmacy, Inc., doing business as Express. (Doc. No. 1 ¶ 3.)

28), which was granted on June 30, 2017, (Doc. No. 30).

**LEGAL STANDARD**

Federal Rule of Civil Procedure 12(b)(1) allows a motion to dismiss where a court lacks subject-matter jurisdiction. Because "[f]ederal courts are courts of limited jurisdiction," a court "presume[s] that a cause [of action] lies outside this limited jurisdiction[.]" *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). A Rule 12(b)(1) motion "can attack the substance of a complaint's jurisdictional allegations despite their formal sufficiency, and in so doing rely on affidavits or any other evidence properly before the court." *St. Clair v. City of Chico*, 880 F.2d 199, 201 (9th Cir. 1989). No presumption of truthfulness attaches to the allegations of the plaintiff's complaint as the plaintiff bears the burden of establishing subject matter jurisdiction. *Thornhill Publ'g. Co. v. Gen. Tel. & Elec. Corp.*, 594 F.2d 730, 733 (9th Cir. 1979). Thus, the court must presume it lacks jurisdiction until subject matter jurisdiction is established. *Stock West, Inc. v. Confederated Tribes*, 873 F.2d 1221, 1225 (9th Cir. 1989). Any party may raise a defense based on lack of subject matter jurisdiction at any time. *See Attorneys Trust v. Videotape Computer Products, Inc.*, 93 F.3d 593, 594–95 (9th Cir. 1996).

**DISCUSSION**

A.  Judicial Notice

As an initial matter, the Court will turn to Plaintiff's request for judicial notice. (Doc. No. 32-1.) Plaintiff seeks judicial notice of documents of legislative history: (1) Senate Report No. 114-220; and (2) House Report No. 104-788. (*Id*.) Defendants do not oppose this request. (*See generally* Doc. No. 36.)

Here, the Court finds judicial notice of the legislative documents at issue to be appropriate. *See Lee v. City of Los Angeles*, 250 F.3d 668, 689 (9th Cir. 2001) (explaining that a court may judicially notice undisputed matters of public record but not disputed facts stated therein); *see also Chaker v. Crogan*, 428 F.3d 1215, 1223 n.8 (9th Cir. 2005) (granting plaintiff's request to take judicial notice of the legislative history of a state statute). Accordingly, the Court **GRANTS** Plaintiff's unopposed request for judicial

notice.

B. Merits of the Motion to Dismiss

Defendants move to dismiss this case for lack of jurisdiction. (*See generally* Doc. No. 26-1.) Defendants allege that the trade secrets at issue do not involve a product or service used, or intended for use in, interstate or foreign commerce as required by the DTSA. (*Id*.) Plaintiff refutes this assertion. (*See generally* Doc. No. 32.)

Congress enacted the DTSA on May 11, 2016. *Cave Consulting Grp., Inc. v. Truven Health Analytics Inc.*, Case No. 15-cv-02177-SI, 2017 WL 1436044, at *3 (N.D. Cal. Apr. 24, 2017). The DTSA only covers acts occurring "on or after the date of the enactment of this Act." *Id*. The Act creates a cause of action for the "owner of a trade secret that is misappropriated . . . if the trade secret is related to a product or service used in, or intended for use in, interstate or foreign commerce." 18 U.S.C. § 1836(b)(1). A trade secret includes "all forms and types" of information that derives value from being secret and that the owner took reasonable measures to keep secret. *Id*. at § 1839(3)(A)(B).

First, the Court notes that both parties dispute whether Defendants' motion is a facial or factual attack on jurisdiction. (Doc. No. 32 at 5; Doc. No. 36 at 2.) In a facial attack, "the challenger asserts that the allegations contained in a complaint are insufficient on their face to invoke federal jurisdiction." *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004). By contrast, in a factual attack, "the challenger disputes the truth of the allegations that, by themselves, would otherwise invoke federal jurisdiction." *Id*. Here, the Court finds that Defendants' jurisdictional attack is factual because they present extrinsic evidence to challenge Plaintiff's contention that the trade secrets at issue are products used, or intended for use, in interstate or foreign commerce as is required by the DTSA. (Doc. No. 26-1 at 2; Doc. Nos. 26-2, 26-3 (*see Safe Air for Everyone*, 373 F.3d at 1039 (noting that a jurisdictional challenge was a factual attack where it relied on extrinsic evidence) (citation omitted)).)

Defendants' extrinsic evidence comes in the form of two affidavits from Yokoub and Bassam Massaad. (Doc. Nos. 26-2, 26-3.) Yokoub states that when she was making

deliveries for Express, the patients she delivered to all resided in California, and almost exclusively within San Diego County. (Doc. No. 26-2 ¶ 3.) Bassam Massaad[2] testified that Mollison serves customers that exclusively live in San Diego County and that Yokoub only delivered prescription's to Mollison's customers located within San Diego County. (Doc. No. 26-3 ¶¶ 4, 6.) Based on this, Defendants contend that Plaintiff's cannot bring a claim under the DTSA as the allegedly confidential information was never used in interstate or foreign commerce.

In response, Plaintiff does not "furnish affidavits or other evidence necessary to satisfy its burden of establishing subject matter jurisdiction." *Safe Air for Everyone*, 373 F.3d at 1039 (citation omitted). Instead, Plaintiff asserts that a "jurisdictional finding of genuinely disputed facts is inappropriate" where like here "the jurisdictional issue and substantive issues are so intertwined that the question of jurisdiction is dependent on the resolution of factual issues going to the merits of an action."[3] (Doc. No. 32 at 6 (citing *Safe Air for Everyone*, 373 F.3d at 1039).) Additionally, Plaintiff argues that a motion to dismiss for lack of subject matter jurisdiction is only proper when the allegations in the complaint are frivolous. (Doc. No. 32 at 6.)

Here, the question of whether Plaintiff's trade secrets comply with the jurisdictional standard as set forth in the DTSA goes to the heart of Plaintiff's federal claim. The Court illuminates that Plaintiff's complaint is only in federal court based on its DTSA violation, which is a federal cause of action. Thus, Plaintiff's DTSA claim is the source of both subject matter jurisdiction and Plaintiff's substantive claim for relief. *See Safe Air for Everyone*, 373 F.3d at 1039 ("The question of jurisdiction and the merits of an action are intertwined where a statute provides the basis for both the subject matter jurisdiction of the federal court and the plaintiff's substantive claim for relief.").

---

[2] Bassam Massaad is the president of Defendant Mass Drugs, Inc. doing business as Mollison Pharmacy. (Doc. No. 26-3 ¶ 1.)

[3] Defendants make no arguments to oppose this assertion in their reply brief. (*See generally* Doc. No. 36.)

However, whereas here, Defendants have provided declarations that dispute allegations in the complaint, "the question of jurisdiction is dependent on the resolution of factual issues going to the merits." *Roberts v. Corrothers*, 812 F.2d 1173, 1177 (9th Cir. 1987) (citation omitted). Thus, a review of Defendants' motion under the typical Rule 12(b)(1) standard applicable to factual motions would not be proper. Instead, "the trial court should employ the standard applicable to a motion for summary judgment" when "ruling on a jurisdictional motion involving factual issues which also go to the merits[.]" *Augustine v. United States*, 704 F.2d 1074, 1077 (9th Cir. 1983). In the current matter, after a careful analysis of the docket, the Court is reluctant to utilize a Federal Rule of Civil Procedure 56[4] standard to analyze the motion. This is due to the fact that the instant action is in its early stages of litigation; thus a Rule 56 standard would be premature as both parties have not engaged in substantial discovery.

Consequently, as the Court is disinclined to convert the present action into a motion for summary judgment, Defendants' motion to dismiss for lack of jurisdiction is **DENIED without PREJUDICE** to raising this argument in a properly noticed and appropriately timed motion for summary judgment. *See Johnson v. Hernandez*, 69 F. Supp. 3d 1030, 1035 (E.D. Cal. 2014) (finding that converting the motion to dismiss for lack of jurisdiction into a motion for summary judgment would be "premature because [p]laintiff [had] not yet had the opportunity to engage in discovery and thus [had] not had the opportunity to develop the evidence he may need to rebut Defendants' facts") (internal quotation marks omitted); *see also Johnson v. Jacobs*, No. 2:14-cv-02323-JAM-EFB, 2015 WL 1607986, at *3 (E.D. Cal. Apr. 9, 2015) ("Rather than convert this motion into one for summary judgment at this early stage, the Court DENIES Defendants' motion to dismiss for lack of jurisdiction without prejudice in order to allow for discovery by both parties . . . .").

---

[4] Federal Rule of Civil Procedure 56 states that "the court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).

# CONCLUSION

For the reasons just stated, Defendants' motion to dismiss is **DENIED without PREJUDICE**.

**IT IS SO ORDERED**.

Dated: August 22, 2017

Hon. Anthony J. Battaglia
United States District Judge